IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Matthew Robert Budney, | ) | Case No.: 4:23-cv-03514-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Nurse Julie, Nurse Ashley, Sheriff Reynolds, Captain Lawson, Kim Little, Savannah Wall, Hanna Bishop, Lieutenant Reid, Officer Tollison, Nurse Grant, Nurse Billie, Officer Brown, Sheriff Deputy Payton, Lieutenant Maddox, Lieutenant Miller, Lieutenant Humphries, John Doe, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Matthew Robert Budney ("Budney" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this Complaint alleging various violations of his constitutional rights under 42 U.S.C. § 1983. (DE 1.) Plaintiff alleges that while he was a pretrial detainee at the Laurens County Detention Center, the captioned Defendants refused to treat and diagnose his syphilis and hemorrhoid, among other complaints related to his detention. (DE 1.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Since Budney filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on November 16, 2023, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended "the district court dismiss the remaining claims and defendants (other than the medical indifference claim against defendants Nurse Julie, Nurse Ashley, Nurse Grant, Kim Little, Savannah Wall, and Sheriff Reynolds) *with prejudice*, without leave to amend, and without issuance and service of process." (DE 34, p. 23.)

Budney filed objections to the Report on January 11 and 12, 2024 (DE 54, 59); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing Plaintiff's response to the Report, the Court gleans the following "objections" to the Report, which the Court will discuss in turn. First, Plaintiff objects to his

2

convictions because he "pled guilty to crimes [he] did not commit in order to transfer to S.C.D.C. in order to receive life[-]saving care." (DE 59, p. 5.)  This claim is barred by *Heck v. Humphrey*, in which the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged.  512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  In addition, Plaintiff was already given an opportunity to bring his case into proper form for judicial screening, including submission of an amended complaint (DE 6).  Thus, there is no sufficient reason for the Court to consider the introduction of new evidence now, and this objection is overruled.

Similarly, Plaintiff's purported objections to the Report's recommendation of dismissal of his claims, to include those referred to as "Conditions of Confinement" and "Plaintiff's Claim of Food Being Drugged,"[2] "ADA Claim,"[3] "Due Process Claim,"[4] "Failure to Protect Claim,"[5]

---

[2]    Plaintiff's complained of conditions (including being denied free contact solution, limited visitation, and shower privileges, limited recreation, being held in a cell with no sink for 8 days, being denied free copies, not being provided enough toilet paper sometimes, and only provided indigent inmate hygiene products), do not rise to the level of a constitutional violation.  *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson*, 501 U.S. at 298) (noting that the Constitution does not mandate comfortable prisons, and only deprivations which deny the minimal civilized measure of life's necessities are sufficiently grave to provide the basis of a § 1983 claim).

[3]    Plaintiff has not alleged a disability because neither being a detainee nor being indigent meets the definition of disability under the ADA.  *See Ross v. Virginia*, C/A No. 7:22-cv-00179, 2022 WL 1913438, at *2 (W.D. Va. June 3, 2022) (collecting cases recognizing that neither incarceration nor being indigent are disabilities under the ADA), *aff'd* 2022 WL 12325033 (4th Cir. 2022), *cert. denied* 143 S.Ct. 1032 (2023).

[4]    Plaintiff's complaint does not allege a plausible atypical or significant hardship in being placed in disciplinary detention.  As noted by the Supreme Court, a change in a prisoner's conditions of confinement only gives rise to a federally protected liberty interest if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 483, 485 (finding no liberty interest when inmate placed in segregated confinement).

[5]    Plaintiff does not allege that defendants other than Ofc. Teeter were on notice of the alleged sexual harassment or that Ofc. Teeter failed to protect him from future harassing incidents.

"Retaliation Claim,"[6] "Free Copies" (DE 59) and "Access to Courts Claims,"[7] "Mail Interference Claim,"[8] "Verbal Abuse claim,"[9] and "HIPAA Claim,"[10] fail to set forth a proper objection and/or any legal support as to why the District Court should not adopt the Report.  Therefore, these objections are overruled.

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it by reference.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed as to the claims and defendants *other than* the medical indifference claim against Defendants Nurse Julie, Nurse Ashley, Nurse Grant, Kim Little, Savannah Wall, and Sheriff Reynolds *with prejudice*, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

      s/ Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 3, 2024

---

[6]     A prisoner must present more than conclusory accusations of retaliation and provide facts that show that exercising his constitutional right was a substantial factor motivating the retaliation.  *See, e.g.*, *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). Here, Plaintiff provides only conclusory allegations.

[7]     Plaintiff concedes dismissal of this claim.  (DE 54, p. 1.)

[8]     Plaintiff does not articulate an injury that he is alleged to have suffered as a result of what he claims happened to his mail, nor does he provide a description of what "legal mail" was destroyed or thrown away, and his allegations do not rise to the level of any constitutional infringement.  (*See* DE 54, p. 2.)

[9]     Plaintiff concedes that verbal abuse does not rise to the level of a constitutional violation. (DE 54, p. 2.)

[10]     This provision of law does not give rise to a private cause of action, and Plaintiff states only that he "needs access to a law library to respond."

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.