IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Matthew Robert Budney, ) | Case No.: 6:23-cv-03514-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Nurse Julie, Nurse Ashley, Sheriff Reynolds, ) | |
| Captain Lawson, Kim Little, Savannah Wall, ) | |
| Hanna Bishop, Lieutenant Reid, Officer ) | |
| Tollison, Nurse Grant, Nurse Billie, Officer ) | |
| Brown, Sheriff Deputy Payton, Lieutenant ) | |
| Maddox, Lieutenant Miller, Lieutenant ) | |
| Humphries, John Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Plaintiff Matthew Robert Budney ("Budney" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Complaint alleging various violations of his constitutional rights under 42 U.S.C. § 1983.  (DE 1.)  Plaintiff alleges that while he was a pretrial detainee at the Laurens County Detention Center, the captioned Defendants refused to treat and diagnose his syphilis and hemorrhoid, among other complaints related to his detention at the Laurens County Detention Center ("Detention Center").  (DE 1.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

On January 18, 2024, Plaintiff filed for a temporary restraining order seeking to have certain defendants in this action suspended from providing medical care or working at the Detention Center until an investigation has been completed by the South Carolina licensing authority regarding the actions alleged in the plaintiff's amended complaint. (DE 65.) On the same day, the Report was issued recommending this Court deny Plaintiff's motion because he failed to allege an essential element of a temporary restraining order, irreparable harm in light of the fact that Plaintiff is no longer housed in the Laurens County Detention Center. (DE 67.)

While Plaintiff filed a timely[2] objection to the Report on January 31, 2024, the purported objections do not address the legal basis for the denial of the motion—Plaintiff's failure to show irreparable harm in light of the fact that he is no longer housed at the Laurens County Detention Center. So, it is overruled. As to the merits of Plaintiff's temporary restraining order request, in the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 57) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion for Emergency Injunction (DE 53) is denied.

---

[2] The Court notes Plaintiff filed an untimely second objection on February 15, 2024. (DE 121.) However, upon review of the objection, the Court finds that the objection would otherwise have no material bearing on the Court's ruling herein, and therefore, it is overruled.

**IT IS SO ORDERED**.

S/ Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 3, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.