IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Robert Budney, | ) | Case No.: 6:23-3514-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Nurse Julie, Nurse Ashley, | ) | |
| Sheriff Reynolds, Kim Little, | ) | |
| Savannah Wall, and Nurse Grant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 229.)  Plaintiff Matthew Robert Budney ("Plaintiff" or "Budney"), proceeding *pro se* and *in forma pauperis*, filed a complaint and amended complaint against Defendants Nurse Julie, Nurse Ashley, Sheriff Reynolds, Kim Little, Savannah Wall, and Nurse Grant alleging violations of his constitutional rights under 42 U.S.C. § 1983.  (DE 1, p. 9.)  Plaintiff alleges that while he was a pretrial detainee at the Laurens County Detention Center, the Defendants refused to test, treat, and diagnose communicable diseases, among other complaints related to his detention at the Laurens County Detention Center ("Detention Center").  (DE 1, 9.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Defendants Nurse Ashley, Nurse Grant, Nurse Julie, and Kim Little filed a motion for summary judgment on February 19, 2024. (DE 127.) By order filed on February 20, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to these Defendants' motion (DE 125). Plaintiff filed his response in opposition on March 8, 2024 (DE 141), and these Defendants filed a reply on March 14, 2024 (DE 144). On April 24, 2024, Plaintiff filed a sur-reply. (DE 170).

On February 26, 2024, Defendant Savannah Wall filed a motion for summary judgment (DE 131), and on that same date, another *Roseboro* order was issued, again advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to defendant Wall's motion (DE 132). Plaintiff filed his response in opposition to Defendant Wall's motion on April 8, 2024. (DE 156).

On March 20, 2024, Defendants Officer Brown, Lieutenant Humphries, Captain Lawson, Lieutenant Maddox, Lieutenant Miller, Sheriff Deputy Payton, Lieutenant Reid, and Sheriff Reynolds filed a motion for summary judgment (DE 147). On March 21, 2024, a *Roseboro* order was issued, advising Plaintiff of the consequences if he failed to respond to the motion (DE 148). Plaintiff filed responses in opposition to the motion on April 25 and May 6, 2024 (DE 172, 187), and these Defendants filed replies to Plaintiff's responses on May 2 and 13, 2024. (DE 174, 194).

Plaintiff filed motions for summary judgment on May 6 and June 5, 2024 (DE 186, 219), to which Defendants filed responses in opposition (DE 195, 197, 198, 223, 224, 225). Plaintiff filed a reply in support of his first motion for summary judgment on June 5, 2024 (DE 217). In addition, Plaintiff filed numerous non-dispositive motions in this case. (S*ee* DE 64, 70, 71, 73.) On May 3, 2024, Plaintiff's amended complaint was dismissed as to all claims, other than the

medical indifference claim against Defendants Nurse Julie, Nurse Ashley, Nurse Grant, Kim Little, Savannah Wall, and Sheriff Reynolds with prejudice, without leave to amend, and without issuance and service of process. (DE 178.) Accordingly, Defendants Captain Lawson, Hanna Bishop, Lieutenant Reid, Officer Tollison, Nurse Billie, Officer Brown, Sheriff Deputy Payton, Lieutenant Maddox, Lieutenant Miller, Lieutenant Humphries, and John Doe were dismissed from the case.[2]

The Report was issued on August 9, 2024, recommending the motions for summary judgment filed by Defendants Nurse Springer, Nurse Cool, Nurse Grant (Morris), and Kim Little (DE 127), Defendants Savannah Wall (DE 131) and Sheriff Reynolds (DE 147) be granted and Plaintiff's motions for summary judgment (DE 186, 219) be denied. The Report further recommends the non-dispositive motions filed by Plaintiff (DE 64, 70, 71, 73, 140, 153, 158, 159, 160) be denied as moot. (DE 229.) Plaintiff did not file an objection to the Report.[3] In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept

---

[2] The motion for summary judgment filed on March 20, 2024, is moot to the extent it is filed on behalf of dismissed Defendants Captain Lawson, Lieutenant Reid, Officer Brown, Sheriff Deputy Payton, Lieutenant Maddox, Lieutenant Miller, and Lieutenant Humphries. (DE 147). The motion is considered only to the extent it pertains to remaining Defendant Sheriff Reynolds.

[3] After the filing of his complaint, Plaintiff was transferred to the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff contacted the Clerk of Court by telephone on June 24, 2024, and stated that he had been released from prison and had no place to live (DE 227). The Report and Recommendation mailed to the Defendant on August 9, 2024 (DE 230), was returned as undeliverable on August 26, 2024. (DE 233.) On several occasions throughout this case, Plaintiff has been directed that he must keep the Clerk of Court advised in writing of any change in his address and that if he fails to meet a deadline set by the court due to his failure to do so, his case may be dismissed for violating the order. (DE 6, 14, 21.) Plaintiff has not advised the Clerk of Court of any change to his address from his last place of incarceration in the SCDC.

the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 229) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motions for Summary Judgment (DE 127, 131, and 147) are granted. Plaintiff's Motions for Summary Judgment (DE 186, 219) are denied and Plaintiff's remaining motions are denied as moot.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 5, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.